UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROZINA LOR,<br><br>           Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Of Social Security,<br><br>           Defendant. | No.  2:16-cv-01400 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

---

[1] SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on June 19, 2012 in New York. Administrative Record ("AR") 221-26.[2] The disability onset date was alleged to be September 1, 2009 (AR 237), but was later amended to June 12, 2012. AR 258-62. The application was disapproved, AR 103 (Exh. 2B), and because New York is a prototype state where reconsideration has been eliminated, there was no reconsideration. See, DI 12015.100 Disability Redesign Prototype Model. The plaintiff subsequently moved to Moreno Valley, California and her case was transferred to that hearing office on March 13, 2013. AR 20. On April 24, 2014, ALJ Mark C. Ramsey presided over the hearing on plaintiff's challenge to the disapproval. AR 72-100 (transcript). Plaintiff was present and testified at the hearing. AR 72-73. She was represented by attorney Randall Padgett at the hearing. AR 72. Alan Cummings, a vocational expert, also testified at the hearing. AR 72.

On August 29, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 20-31 (decision), 32-35 (exhibits). On April 25, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on June 21, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 23. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion), and 21 (plaintiff's reply).

II. FACTUAL BACKGROUND

Plaintiff was born on June 10, 1960, and accordingly was 52 years old, which is defined as an individual closely approaching advanced age, when she filed her application. AR 29, 20 CFR 416.963. Plaintiff has at least a high school education. AR 29.

---

[2] The AR is electronically filed at ECF Nos. 12-3 to 12-10 (AR 1 to AR 401).

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

4

Id., § 416.920(a)(4)(v), (g).

When the plaintiff claims a mental impairment, the ALJ is required to follow a "special technique" at Steps Two and Three, to evaluate the plaintiff's disability. 20 C.F.R. § 419.920a(a). At Step Two, the ALJ first evaluates plaintiff's "pertinent symptoms, signs, and laboratory findings" to determine whether he has "a medically determinable mental impairment(s)." 20 C.F.R. § 419.920a(b)(1); Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011) (interpreting 20 C.F.R. § 1520a, the parallel, and identically worded, regulation under Title II). Second, the ALJ rates "the degree of functional limitation" caused by the mental impairments just identified, in four broad areas of functioning: [1] activities of daily living; [2] social functioning; [3] concentration, [4] persistence or pace; and [5] episodes of decompensation. 20 C.F.R. § 416.920a(b)(2) & (c)(1)-(3); Keyser, 648 F.3d at 725. The degrees can be "none," "mild," "moderate," "marked," or "extreme." 20 C.F.R. § 416.920a(c)(4). Episodes of decompensation are ranked "none," "one or two," "three," and "four or more." Id. Third, the ALJ determines the severity of the mental impairment, "in part based on the degree of functional limitation." 20 C.F.R. § 416.920a(d); Keyser, 648 F.3d at 725.

The ALJ proceeds to Step Three only if the mental impairment is "severe." Keyser, 648 F.3d at 725. The Commissioner documents this "special technique" in a "Psychiatric Review Technique Form ('PRTF')." Id.; see AR 21-22. At Step Three, the ALJ must determine if the severe mental impairment identified in Step Two meets or equals the severity of a mental impairment in the Listings. 20 C.F.R. § 416.920a(d)(2); Keyser, 648 F.3d at 725. If it does not, the ALJ goes on to Step Four, returning to the sequential analysis.

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

////

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since July 27, 2011, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: major depressive disorder, recurrent, post traumatic stress syndrome, alcohol and marijuana abuse (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4]  After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple unskilled work with no frequent public or fellow employee contact.
>
> 5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born on June 10, 1960 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SRR 82-41 and 20 CFR 404, Subpart P, Appendix 2).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since June 19, 2012, the date the application was filed (20 CFR 416.920(g)).

AR 22-30.

////

1  As noted, the ALJ concluded that plaintiff was "not disabled" under

2  Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 30.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred because in the decision he (1) "wrongly cherry-picked out the inconvenient elements" of the consulting examiner's opinion; (2) discounted plaintiff's recorded Global Assessment Functioning ("GAF") scores; and (3) found her "not entirely credible."  ECF No. 17 at 9-11.  Plaintiff requests that the matter be reversed and remanded to the Commissioner for an immediate award of benefits.  Id. at 11.

### A.  The ALJ's Treatment of the Consulting Examiner's Opinion

The ALJ did not err in his treatment of consulting examiner ("CE") Dr. Paul Martin, Ph.D's evaluation.  It is the ALJ's province to resolve conflicts in medical testimony, and resolve ambiguities.  Edlund, 253 F.3d at 1156.  The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).  As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996).  "When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings."  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff argues the ALJ overlooked inconvenient elements of the CE's testimony, particularly the CE's opinion that "plaintiff is severely or markedly impaired in the ability to adapt to changes in the work place and markedly impaired in the ability to respond to routine work settings and changes in a routine work setting."  ECF No. 17 at 9-10, ER 28.  Plaintiff's argument is not supported by the ALJ's findings or the record.  The ALJ rejected the relevant portion of the CE's opinion after making a specific finding that it was "not supported by his mental status examination findings, nor the record overall . . . [a]nd the records of treating sources show no significant findings that would supported [sic] such an extreme limitation on

1   functionality." AR 28. The ALJ acted properly in resolving this conflict and describing with
2   particularity his reason for reaching his conclusion.

3        A complete review of the record also supports the ALJ's decision to discount these
4   particular portions of the CE's assessment. A comparison of treating physician Lilly Paulinovic,
5   Ph.D.'s assessment with that of the CE reveals similar findings, and both indicate only moderate
6   symptoms. AR 28, 375, 388. The medical records show limited findings of mental abnormalities
7   by treating sources generally. See, AR 322, 335, 338, 346, 381. The ALJ also noted that
8   treatment with medication has proved effective for plaintiff. AR 27, 345, 381. Though plaintiff
9   argues that a positive response to treatment does not mean she is not disabled, a positive response
10  to treatment is an appropriate reason for an ALJ to discount complaints of disabling symptoms.
11  See, Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Under these circumstances, what
12  plaintiff calls "cherry-picking" was in fact the ALJ performing his required role, giving
13  appropriate weight to portions of opinions supported by the record. Plaintiff's motion on this
14  point is denied.

15      B.  The ALJ's Treatment of GAF Scores

16       The ALJ did not err in his consideration of plaintiff's GAF scores. Plaintiff argues the
17  ALJ erred in his consideration of her GAF scores for "the same reasons" discussed above. ECF
18  No. 17 at 11. Plaintiff provides no meaningful argument on this point. "The Commissioner has
19  determined the GAF scale "does not have a direct correlation to the severity requirements in [the
20  Social Security Administration's] mental disorders listings. 65 Fed.Reg. 50,746, 50,765 (Aug.
21  21, 2000)." McFarland v. Astrue, 288 F. App'x 357, 359 (9th Cir. 2008). To the extent plaintiff
22  asserts that the CE's assessment of a 55 GAF score should have been given greater weight, that
23  argument does not undermine the ALJ's ultimate determination; a GAF score of 55 indicates only
24  moderate symptoms and does not indicate symptoms of a disability sufficiently severe enough to
25  preclude employment. AR 388; see also, Craig v. Colvin, 659 F. App'x 381, 382 (9th Cir. 2016).
26  Plaintiff's motion on this point is denied.

27      C.  The ALJ's Treatment of Plaintiff's Credibility

28       The ALJ did not err in finding plaintiff "not entirely credible." It is the ALJ's duty to

make credibility determinations. Edlund, 253 F.3d at 1156. "If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). Here, the ALJ gave a detailed, five-point assessment as to why plaintiff's testimony regarding her limitations was not fully credible. AR 26-28. The undersigned finds the ALJ more than met his obligations in explaining his reasoning. Plaintiff's motion on this point is denied.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: July 24, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE